In the

# United States Court of Appeals
## For the Seventh Circuit

---

Nos. 19-1534 & 19-1558

IN THE MATTER OF:

KIERA S. CHERRY and LUCINDA E. DAVIS,

*Debtors.*

APPEALS OF:

CITY OF CHICAGO, ILLINOIS

---

Appeals from the United States Bankruptcy Court for the
Northern District of Illinois, Eastern Division.
Nos. 18 B 25113 & 33492 — **A. Benjamin Goldgar**, *Chief Bankruptcy Judge.*

---

SUBMITTED MAY 11, 2020 — DECIDED JULY 6, 2020

---

Before EASTERBROOK, ROVNER, and HAMILTON, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. This is the third—and we hope final—decision in a series arising from the efforts of debtors in Chapter 13 bankruptcy proceedings to avoid or defer paying parking and other vehicular fines.

The first decision, *In re Steenes*, 918 F.3d 554 (7th Cir. 2019) (*Steenes I*), interprets 11 U.S.C. §1327(b), which provides:

> Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

The Bankruptcy Court for the Northern District of Illinois adopted a form confirmation order for Chapter 13 plans that retained all property in the estate, notwithstanding this statutory presumption. Because fines for parking and other vehicular offenses in Chicago are assessed against the car's owner, keeping cars in the estates meant that the automatic stay of 11 U.S.C. §362 prevented the City from using collection devices such as towing or booting. More: because the plans did not list fines as payable debts, the confirmation orders overrode any obligation to pay them.

*Steenes I* holds that this approach conflicts with §1327(b). We recognized that judges have discretion to keep property in an estate but added that "the exercise of all judicial discretion requires a good reason." 918 F.3d at 557. Debtors may need cars but also must pay the cost of their maintenance—insurance, repairs, gasoline, and parking, among other things. Using the bankruptcy process to enable debtors to operate cars while avoiding the costs that others must pay is not appropriate. We wrapped up:

> A case-specific order, supported by good case-specific reasons, would be consistent with §1327(b), but none was entered in any of these cases.

918 F.3d at 558. See also *In re Heath*, 115 F.3d 521, 524 (7th Cir. 1997) (anticipating this conclusion).

Soon after *Steenes I* issued, bankruptcy judges in the Northern District of Illinois changed their form confirmation order to eliminate the provision that inverted the statutory presumption, but the court added to a different form a checkbox through which debtors could elect the same thing. Chicago opposed the confirmation of plans proposed by debtors who checked that box.

A bankruptcy judge denied the objection and approved the plan proposed by Kiera Cherry, the debtor in the lead case. The judge stated from the bench that debtors need not explain why they want to retain a given asset in the estate. In response to the City's contention that case-specific reasons are essential to a departure from the statutory presumption, the judge said that *Steenes I* applies only to judicial findings. Because "debtors don't make findings", they also need not explain their choices—and because the judge read the statute to allow debtors to keep assets in the estate without reasons, he added that the judiciary need not justify approval of a plan reflecting a debtor's choice. The judge stated that he would summarily deny any objection to the confirmation of similar plans. When the City objected to a plan proposed by Lucinda Davis, the judge did just that.

Chicago and the debtors jointly asked us to accept appeals direct to the court of appeals, bypassing the district court, on the authority of 28 U.S.C. §158(d)(2)(A). We granted that motion but deferred the filing of briefs until we had decided a follow-up to *Steenes I*.

That successive decision, *In re Steenes*, 942 F.3d 834 (7th Cir. 2019) (*Steenes II*), interprets 11 U.S.C. §507(a)(2), which defines administrative expenses that bankruptcy estates must pay even though not listed on debtors' schedules. We

held that vehicular fines are administrative expenses under §507(a)(2).

We deferred briefing in *Cherry* and *Davis* because we thought that the parties might conclude that the resolution no longer matters. Whether a car's title returns to the owner on confirmation of the plan or remains in the estate, vehicular fines must be paid. Cherry and Davis should be current on fines because, although the bankruptcy court allowed their cars to remain in the Chapter 13 estates, the fines are administrative expenses under *Steenes II*.

Still, the parties proceeded to brief the merits. Even with the fines classified as administrative expenses, the City must rely on the estate to remit the money. The automatic stay of enforcement devices such as towing appears to make it hard to collect fines, so the City seeks a remedy—removal of the autos from the estates—that enables it to use these devices without case-specific motions to lift the stay.

Cherry and Davis defend the bankruptcy judge's approach, but it is as inconsistent with the statute as the approach disapproved in *Steenes I*. Here again is the language of §1327(b):

> Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

This treats "a provision in the plan" and "the order confirming the plan" identically. We held in *Steenes I* that the statutory presumption—"confirmation of a plan vests all of the property of the estate in the debtor"—means that there must be a good case-specific reason for doing otherwise. Whether the debtor (by checking a box) or the judge (through a form order) proposes the departure from the statutory norm does

not affect the need for justification. And, *Steenes I* held, a desire to obtain free parking, or otherwise get the benefit of a car without satisfying all ongoing expenses of driving, is not a good reason.

*Steenes I* observes that the debtors had not contended that keeping cars in the estates "has any effect, any at all, other than sheltering scofflaws." 918 F.3d at 558. Cherry and Davis likewise are silent. Instead they contend that a debtor's choice prevails *even if* it is made simply to avoid the payment of fines. As we replied in *Steenes I*: "Immunity from traffic laws for the duration of a Chapter 13 plan does not seem to us an outcome plausibly attributed to the Bankruptcy Code." 918 F.3d at 557.

Cherry reminds us that a bankruptcy court must confirm any plan that satisfies 11 U.S.C. §1325(a). Because that subsection does not address whether the estate holds assets such as cars, Cherry contends that it cannot matter why a given debtor checks the box. Yet §1325(a)(1) tells us that a court must confirm a plan if it "complies with the provisions of this chapter and with the other applicable provisions of this title". Section 1327(b) is one of those provisions. It need not be mentioned separately in §1325(a).

A bankruptcy court may confirm a plan that holds property in the estate only after finding good case-specific reasons for that action. Because the bankruptcy court approved these plans without finding that such reasons exist, its orders are

REVERSED.